UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-CV-1325-JAR |
| ) | |
| DENISE HACKER, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon review of Petitioner Larry E. Windeknecht's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, which Petitioner filed in response to this Court's April 10, 2023 Order. In the Amended Petition, Petitioner avers he challenges the April 26, 2018 judgment of the Missouri Probate Court entered in *In re Larry Windeknecht*, No. 16CG-PR00247 (32nd Jud. Cir. 2016). Because it appears this matter was untimely filed, the Court will direct Petitioner to show cause why it should not be dismissed.

### Background

In 2010, Petitioner was convicted of a sex offense, and sentenced to serve seven years in prison. In August of 2016, the State of Missouri filed a petition in Missouri Probate Court pursuant to Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 *et seq*. The petition alleged that Petitioner may meet the criteria of a sexually violent predator, and be eligible for commitment. *See In re Larry Windeknecht*, No. 16CG-PR00247 (32nd Jud. Cir. 2016). On April 26, 2018, a jury declared Petitioner a sexually violent predator, and the Court ordered him committed to the custody of the Missouri Department of Mental Health. *See id.* At

present, Petitioner remains committed pursuant to that judgment, and receives care at the Sexual Offender Rehabilitation and Treatment Services facility in Farmington, Missouri.

Petitioner appealed the Probate Court's judgment, and on August 20, 2019, the Missouri Court of Appeals affirmed. *See In the Matter of the Care and Treatment of L.W.*, 581 S.W. 3d 168 (Mo. Ct. App. 2019). It does not appear that Petitioner took further action, so judgment became final on September 5, 2019, 15 days later. *See Camacho v. Hobbs,* 774 F.3d 931, 933 (8th Cir. 2015) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)); Mo. Sup.Ct. R. 83.02, 83.04, 84.17(b).

On October 2, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Circuit Court of St. Francois County, Missouri. *See Windeknecht v. Hacker, et al.*, No. 19SF-CC00188 (24th Jud. Cir. 2019). On September 11, 2020, the Circuit Court denied the petition. *See id.* Petitioner does not aver, nor does it appear, that he sought any other form of relief in State court until April 11, 2022, when he filed another petition for writ of habeas corpus in the Circuit Court of St. Francois County, Missouri. *See Windeknecht v. Hacker*, No. 22SF-CC00063 (24th Jud. Cir. 2022). On April 4, 2023, the Circuit Court denied the petition. *Id.* In this action, Petitioner filed the original petition, at the earliest, on December 5, 2022. *See* (ECF No. 1 at 9).

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Nothing in the Amended Petition suggests subsections (B), (C), or (D) could apply. Therefore, the Court finds the one-year limitations period commenced in accordance with § 2244(d)(1)(A), when judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. As noted above, that date is September 5, 2019, 15 days after the Missouri Court of Appeals affirmed the Probate Court's judgment. Accordingly, Petitioner had until not later than September 5, 2020 by which to file a federal habeas petition. However, he did not do so until December 5, 2022, more than three years after judgment became final and thus well after the expiration of the applicable limitations period.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). In this case, the limitations period ran for 26 days, beginning on September 6, 2019 until October 2, 2019, the date Petitioner filed a petition for habeas corpus in State court. The limitations period was then tolled for 344 days while that petition remained pending, and began running again on September

3

12, 2020, the day after the petition was denied. Petitioner filed the instant action, at the earliest, on December 5, 2022, 814 days later.

The time between the date judgment became final and the date that an application for state collateral relief is filed counts against the one-year limitations period. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the 26 days between September 6, 2019 October 2, 2019 are not tolled, and must be included in the period within which Petitioner could file a federal habeas petition. Totaling that 26-day period with the 814-day period that elapsed after the conclusion of State collateral review, the sum of 840 days elapsed prior to the initiation of this action. Petitioner is not entitled to tolling for the time his April 11, 2022 State habeas petition remained pending because he filed that petition after the federal limitations period expired. It therefore appears this action is time-barred, and the Court will order Petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Order, Petitioner shall show cause why this action should not be dismissed as time-barred.

Dated this 13th day of September, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE