**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARRY E. WINDEKNECHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 4:22-cv-1325-JAR |
| | ) |
| DENISE HACKER, | ) |
| | ) |
| Respondent. | ) |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court upon review of Petitioner's responses to the Court's September 13, 2023 order directing him to show cause why his Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed as untimely.  After reviewing and considering Petitioner's responses, the Court has determined to dismiss the Amended Petition without further proceedings, and to decline to issue a certificate of appealability.

**Background**

In the Amended Petition, Petitioner challenges the April 26, 2018 judgment of the Missouri Probate Court entered in the matter *In re Larry Windeknecht,* No. 16CG-PR00247 (32nd Jud. Cir. 2016).  Pursuant to that judgment, Petitioner was declared a sexually violent predator, and committed to the custody of the Missouri Department of Mental Health.  He currently receives care at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") facility in Farmington, Missouri.

Petitioner filed the original Petition in this action on (at the earliest) December 5, 2022.  He filed an Amended Petition on May 8, 2023, after being directed to do so by the Court.  On September 13, 2023, the Court entered an order noting that this action appeared untimely, and

directing Petitioner to show cause why it should not be dismissed.

Petitioner has filed three responses.  He can be understood to argue that the federal limitations period should be tolled for the time he sought habeas review in State Court, and during the pendency of a State petition for writ of mandamus.  Petitioner also contends that "(B), (C) and (D) under 28 U.S.C. § 2244(d)(1)(A)(B)(C) and (D) do apply and should be considered timely 28 U.S.C. § 2244(d)(2)," and he argues he has established cause to excuse procedural default.  (ECF No. 13 at 7-8).

Petitioner also claims he is entitled to equitable tolling.  He states he was diligently pursuing his rights, and points to steps he took to pursue relief in State court. He also states that extraordinary circumstances stood in his way, and points to circumstances in his State court proceedings.  For example, he claims he received ineffective assistance of counsel, and was "prevented by Missouri Judicial Tribunal in his Direct Appeal, and then is Post-Conviction the right to raise 'ineffective assistance of counsel,' and all other claims he has raised in the State Court's violation of the 6th, 14th and 5th, 8th USCS Amendments his rights guaranteed him as a United States Citizen."  (ECF No. 13 at 5).  Petitioner filed his third response in the form of a motion, titled: "Motion in Support Establishing that Applicant has Shown Due Diligently in Pursuing his Rights with Additional Filings Showing that he is Entitled to Equitable Tolling." (ECF No. 15).  Therein, Petitioner renews his argument of entitlement to equitable tolling, states he has established he was pursuing his rights diligently, and provides information from his State court cases.

## Discussion

Petitioner can be understood to argue that this action is timely under 28 U.S.C. § 2244(d)(1)(A) because the federal limitations period was tolled for the time he sought habeas

review in State court, and during the pendency of a June 2020 petition for writ of mandamus. Indeed, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, none of the actions Petitioner instituted in Missouri State court are helpful in this context.

A summary of the relevant dates is helpful here.  The one-year statute of limitations began running on September 6, 2019, the day after judgment became final in *In re Larry Windeknecht,* No. 16CG-PR00247 (32nd Jud. Cir. 2016).  The federal limitations period ran for 26 days, and stopped on October 2, 2019, the date Petitioner filed a petition for writ of habeas corpus with respect to that judgment in Missouri State court.  *See Windeknecht v. State, et al.*, No. 19SF-CC00188 (24th Jud. Cir. 2019).  The federal statute was tolled for 345 days, and began running again on September 12, 2020, the day after the petition was denied.

Missouri Case.net, the State of Missouri's online docketing system, shows that Petitioner filed a petition for writ of habeas corpus in the Probate Court action on (at the earliest) September 13, 2020.  *In re Larry Windeknecht,* No. 16CG-PR00247.  The Probate Court denied the petition 8 days later, on September 21, 2020.  *Id.*  Assuming that the petition was a properly-filed application for collateral review within the meaning of 28 U.S.C. § 2244(d)(2), the federal limitations period would have stopped on September 13, 2020 (the date the petition was filed) and started running again on September 22, 2020 (the day after the Circuit Court denied the petition).

The 26 days that elapsed between September 6, 2019 and October 2, 2019, and September 12, 2020, are not tolled, and must be included in the period within which Petitioner could file a federal habeas petition.  Therefore, Petitioner had until August 26, 2021 to seek relief pursuant to 28 U.S.C. § 2254.  However, he did not do so until, at the earliest, December 5, 2022.

Missouri Case.net also shows that Petitioner filed a Petition for Writ of Mandamus on June 17, 2020.  *See Windeknecht v. Stringer,* No. 20AC-CC00239 (19th Jud. Cir. 2020).  In that Petition, Petitioner referenced the Missouri Probate Court's April 26, 2018 judgment, but he did not seek judicial review of it.  Instead, he claimed that the Director of the Missouri Department of Mental Health was not treating him in the least restrictive environment, and he asked the Circuit Court to enforce Missouri law by "converting SORTS at Fulton, and Farmington into a least restrictive environment."  *Id.*

Briefly, in the June 17, 2020 Petition, Petitioner described his living conditions in the SORTS facility as "more restrictive than a level five prison in all of its facets."  *Id.*  He then described various conditions in the SORTS facility that he believed were unlawful.  He alleged that the SORTS facility was inadequately staffed, and that SORTS staff members were not properly trained or supervised and did not understand basic Constitutional principles.  He alleged that the Director of the Missouri Department of Mental Health was wrongfully preventing him from accessing online legal research engines and other legal materials, and wrongfully housing him in a multiple-occupancy room with inadequate square footage and limited airflow.  He challenged the competency of the SORTS evaluators, and claimed that the only valid evaluation of him was previously performed by one Dr. Fabian.

As relief, Petitioner asked the Circuit Court to enforce Missouri State law by "converting SORTS at Fulton, and Farmington into a least restrictive environment."  *Id.*  He specified that the Circuit Court should compel the Director of the Missouri Department of Mental Health to allow him to access to online search engines, online case law, and law library books; provide a single-occupancy room; recognize that Dr. Fabian's evaluation was the only valid evaluation of him; and recommend that Petitioner be released on supervised or unsupervised release.

4

On October 29, 2020, the Circuit Court dismissed the petition for failure to state a claim upon which relief may be granted.  Petitioner filed a notice of appeal, but the Missouri Court of Appeals dismissed it on June 10, 2021.  *See Windeknecht v. Stringer,* No. WD84276 (Mo. Ct. App. 2020).

The question now before this Court is whether the June 17, 2020 Petition was a properly filed application for collateral review, within the meaning of 28 U.S.C. § 2244(d)(2).  The Supreme Court has held that "collateral review" in the context of § 2244(d)(2) means "judicial review of a judgment in a proceeding that is not part of direct review."  *Wall v. Kholi,* 562 U.S. 545, 547 (2011).  "Review" in this context is "best understood as an 'act of inspecting or examining' or a 'judicial reexamination,'" and "commonly denotes 'a looking over or examination with a view to amendment or improvement.'"  *Id.* at 553 (citations omitted).

Petitioner's June 17, 2020 Petition for Writ of Mandamus did not seek judicial reexamination "with respect to the pertinent judgment or claim" at issue in this action.  28 U.S.C. § 2244(d)(2).  Instead, it claimed that Petitioner was not receiving treatment in the least restrictive environment at the SORTS facility, supported that claim with information about Petitioner's treatment environment, and asked the Circuit Court to enforce Missouri law by "converting SORTS at Fulton, and Farmington into a least restrictive environment."  *Windeknecht v. Stringer,* No. 20AC-CC00239.  The Court concludes that the June 17, 2020 Petition was not an attempt at collateral review "with respect to the pertinent judgment or claim" at issue in this action.  28 U.S.C. § 2244(d)(2).  It therefore cannot serve to toll the one-year federal limitations period.

Finally, Missouri Case.net shows that Petitioner filed a "Motion for Summary Judgment Alternative Default" in the Probate Court action.  *In re Larry Windeknecht,* No. 16CG-PR00247. Petitioner dated the motion May 12, 2021, and it was docketed on May 17, 2021 and denied on

5

that same date. *Id.* Assuming the motion was a properly-filed application for collateral review within the meaning of § 2244(d)(2), it remained pending for only 5 days, and therefore could not toll the federal limitations period long enough for this action to be considered timely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner can also be understood to claim he is entitled to equitable tolling. Indeed, the statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

An extraordinary circumstance is one that is beyond the petitioner's control and above the level of excusable neglect, *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017), and made it impossible for the petitioner to file a timely federal habeas petition. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The extraordinary circumstance must be external to the petitioner, and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Equitable tolling provides "an exceedingly narrow window of relief," *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), and its application "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (internal quotations omitted). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In this case, Petitioner states he was diligently pursuing his rights, and points to steps he took to pursue relief in State court. However, he does not demonstrate that he was diligently pursuing his right to file a federal habeas petition. Petitioner also states that extraordinary

6

circumstances stood in his way, and can be understood to point to circumstances in his State court proceedings.   For example, he claims he received ineffective assistance of counsel, and was "prevented by Missouri Judicial Tribunal in his Direct Appeal, and then is Post-Conviction the right to raise 'ineffective assistance of counsel,' and all other claims he has raised in the State Court's violation of the 6th, 14th and 5th, 8th USCS Amendments his rights guaranteed him as a United States Citizen." (ECF No. 13 at 5).  However, Petitioner does not explain, nor is it apparent, how any circumstance prevented him from timely filing a federal habeas petition.   Ineffective assistance of counsel by itself typically does not warrant equitable tolling.  *Beery v. Ault,* 312 F.3d 948, 950 (8th Cir. 2002).  In sum, Petitioner's averments do not establish the requisite diligent pursuit of his rights, nor do they demonstrate extraordinary circumstances that prevented Petitioner from filing a timely federal habeas petition.  The Court concludes that Petitioner has failed to meet his burden of demonstrating grounds warranting equitable tolling.

Petitioner also states that "(B), (C) and (D) under 28 U.S.C. § 2244(d)(1)(A)(B)(C) and (D) do apply and should be considered timely 28 U.S.C. § 2244(d)(2)." (ECF No. 13 at 7-8).  As discussed above, this action cannot be considered timely under 28 U.S.C. § 2244(d)(1)(A), and Petitioner does not explain, nor is it apparent, why it can be considered timely under subsections (B)-(D).  While Petitioner points to various alleged infirmities in his State court proceedings, he identifies no State action that amounted to an impediment to filing a timely federal habeas petition. He identifies no United States Supreme Court case decided during the relevant time period initially recognizing a constitutional right he now asserts, and he identifies no date during the relevant time period on which he discovered the factual predicate of any claim he now asserts.   Finally, Petitioner's averments concerning procedural default are irrelevant.

The Court concludes that this action is untimely, and Petitioner has failed to show cause

why it should not be dismissed.  The Court will therefore dismiss this action at this time.  The Court will deny as moot Petitioner's motion to appoint counsel.  The Court will also deny Petitioner's motion titled "Motion in Support Establishing that Applicant has Shown Due Diligently in Pursuing his Rights with Additional Filings Showing that he is Entitled to Equitable Tolling," although as discussed above, the Court has thoroughly reviewed and carefully considered that motion in reaching the determination herein.

The Court has considered whether to issue a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts (when entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability).  In this case, the Court should issue a certificate of appealability if Petitioner shows that jurists of reason would find it debatable whether the amended petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner herein has made no such showing.  Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 10) is **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that Petitioner's motion titled "Motion in Support Establishing that Applicant has Shown Due Diligently in Pursuing his Rights with Additional Filings Showing that he is Entitled to Equitable Tolling" (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

8

Dated this 22nd day of January, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE